NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**GARY P. THOMPSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-2036

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-21-0019-I-1.

---

Decided:  January 18, 2022

---

GARY P. THOMPSON, Gig Harbor, WA, pro se.

ELIZABETH WARD FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Gary Paul Thompson appeals a decision of the Merit Systems Protection Board dismissing his case for lack of jurisdiction. We affirm.

I

Mr. Thompson worked for the Department of the Navy as a Sheet Metal Work Leader. He applied for disability retirement with the Office of Personnel Management, which approved his application on August 27, 2018. OPM awarded Mr. Thompson a 60% disability computation that is only available to applicants aged 62 or under, even though Mr. Thompson was 69 years old at the time of his application. OPM started sending payments to Mr. Thompson in September 2018. Mr. Thompson, seemingly aware of this mistake, called OPM several times in the first week of September 2018 to verify he could accept the payments. OPM assured Mr. Thompson that there would be no problems and told him to "relax and enjoy retirement." S.A. 2.[1]

On February 19, 2019, OPM notified Mr. Thompson that the payments he had received were erroneous and that OPM had overpaid him $5,432.48. Mr. Thompson first filed a claim against OPM in *Gary P. Thompson v. OPM*, No. SF-0845-19-0702-I-1 (M.S.P.B. July 20, 2019), challenging OPM's assessment of an overpayment. Mr. Thompson and OPM subsequently settled, terminating the appeal. S.A. 22–23.

Mr. Thompson then filed a claim against his employing agency, the Navy, on October 8, 2020, alleging that his disability retirement was involuntary because OPM had misrepresented his retirement benefits. In response, the Navy pointed out that Mr. Thompson "placed responsibility for his involuntary retirement on misinformation, not from his employing agency, [the Navy,] but from the OPM." S.A. 9.

---

[1]    S.A. refers to the supplemental appendix attached to the Respondent's brief.

The Board dismissed Mr. Thompson's appeal, determining that the record was devoid of any evidence that the retirement was the product of (1) misinformation or deception by the Navy or (2) coercion by the Navy. S.A. 9–10 (citing *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000)). The Board concluded that "without a nonfrivolous allegation that a Navy agency official gave [Mr. Thompson] misinformation, [Mr. Thompson] cannot . . . show that his retirement was involuntary." S.A. 10.

Mr. Thompson appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

We set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review de novo the Board's conclusion that it lacks jurisdiction. *Bryant v. MSPB*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).

## III

While the Board has jurisdiction over involuntary removals, 5 U.S.C. §§ 7512(1), 7513(d), an employee's decision to retire is "presumed voluntary" unless the employee "comes forward with sufficient evidence to establish that the . . . [retirement] was involuntarily extracted." *Rosario-Fabregas v. MSPB*, 833 F.3d 1342, 1346 (Fed. Cir. 2016) (alteration in original) (quoting *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc)). To establish that retirement was involuntary, the employee must show that the retirement "was the product of (1) misinformation or deception by the agency or (2) coercion by the agency." *Id.*

Mr. Thompson has not produced evidence that the Navy misinformed, deceived, or coerced Mr. Thompson into

retiring. In fact, Mr. Thompson stated he has "no issues" with the Navy but has "a lot of issues" with OPM. S.A. 8–9. Because this appeal is against the Navy, not OPM, Mr. Thompson has not overcome the presumption that his retirement was voluntary, and the Board does not have jurisdiction.

## IV

Because Mr. Thompson did not allege facts supporting the Board's jurisdiction, we affirm.

**AFFIRMED**

COSTS

No costs.